Kevin W. Weber, Esq.
Michael A. Conforti, Esq.
**GIBBONS P.C**.
One Gateway Center
Newark, NJ 07102-5310
(973) 596-4500
*Attorneys for Plaintiff*
*Accurate Builders Limited Liability Company*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACCURATE BUILDERS LIMITED LIABILITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>RISE CONCRETE LLC, and RISE CONSTRUCTION INC.<br><br>Defendants. | Civil Action No.:  22-cv-4911<br><br>*Document Electronically Filed*<br><br>**COMPLAINT** |

Plaintiff Accurate Builders Limited Liability Company ("Plaintiff" or "Accurate"), by and through its attorneys, Gibbons P.C., states the following for its Complaint against Defendants Rise Concrete LLC ("Rise LLC") and Rise Construction Inc. ("Rise Inc.") (together, "Defendants" or the "Rise Entities"):

### THE PARTIES

1. Plaintiff is a New Jersey limited liability corporation located at 32 Cross Street, Suite 301, Lakewood, New Jersey 08701.

2. Rise LLC is a New York limited liability corporation previously located at 430 3rd Avenue, Brooklyn, New York 11215.  Upon information and belief, Rise LLC recently re-incorporated itself on or about July 1, 2022, upon information and belief to escape bad debts, under

the "Rise" name, as Rise Construction Inc., located at 93 Gansevoort Blvd., Staten Island, New York 10314.

3. Rise Construction Inc. is, therefore, an alter ego of Rise Concrete LLC, as it is a continuance of Rise LLC and incorporated in order to escape responsibility for Rise LLC's debts and obligations, without any substantial change in Rise LLC's ownership or management.

4. Upon information and belief, Barry Caldwell owns and/or operates both Rise LLC and Rise Inc.

**NATURE OF THE ACTION**

5. This action arises out of Rise LLC's failure, as Plaintiff's subcontractor, to timely complete work, to furnish sufficient staffing and the necessary equipment and materials, and to conduct its work in a professional manner and to quality workmanship standards for a certain construction project located at 100 & 120 Cherry Hill Road, Parsippany-Troy Hills, New Jersey 07054 (the "Project Site"), commonly known as The Morrison (the "Project").

6. Rise LLC callously breached numerous provisions set forth in its two contracts with Plaintiff for this project.

7. On April 26, 2021, Plaintiff and Rise LLC entered into the Site Work, Utility Work, Onsite Paving, and Stormwater System subcontract and its riders (the "Site Contract"), whereby Rise LLC, as a subcontractor, agreed "to furnish and install all necessary labor, equipment and material for the site work, utility work, onsite paving, stormwater management, etc. for [the Project] as specified in the contract documents and required to facilitate construction." (See Site Contract at 71, attached hereto as **Exhibit 1**.) Such work included, but was not limited to: equipment, lead time materials; excavation and grading; soil erosion and sediment control; demolition and tree control; utilities and manhole; sanitary and sewer system; water distribution

system; onsite sidewalks and miscellaneous concrete; rain gardens; fencing; lighting; and emergency access road. (Ex. 1 at 91.) In return, Plaintiff agreed to pay Rise LLC $2,000,027.62. (Ex. 1 § 10.1.)

8. Plaintiff and Rise LLC entered into the Concrete subcontract and its amendments (the "Concrete Contract") on August 17, 2021, whereby Rise LLC, as a subcontractor, agreed to provide "Foundation and Super Structure Concrete and Water Proofing at [the Project Site]," including but not limited to "all necessary labor, materials, accessories, equipment, hardware, anchors, fasteners, tools, layout, engineering, supervision, hoisting, scaffolding, shop drawings, packaging, trucking, freight, taxes, delivery, permits, insurance, services, utilities, as required, for Completion of the Work." (See Concrete Contract at 1, attached hereto as **Exhibit 2**.) In return, Plaintiff agreed to pay Rise LLC $6,200,000.00. (Ex. 2 ¶ 5.1.) The Site Contract and Concrete Contract are referred to together as the "Subcontracts."

9. Plaintiff continually provided notice to Rise LLC of its multiple material breaches to both the Site Contract and Concrete Contract. And, despite giving Rise LLC opportunities to cure its many breaches, Rise LLC did not cure its breaches—rather, the breaches re-occurred.

10. On May 9, 2022, Plaintiff and Rise LLC entered into "Amendment No. 1 to Subcontract," which amended the Concrete Contract (the "Concrete Contract Amendment") and provided, *inter alia*, that "[Rise LLC's] new time to complete its work under the Concrete Subcontract is…Monday June 27, 2022." (See Concrete Contract Amendment ¶ 2(i), attached hereto as **Exhibit 3**.)

11. Rise LLC failed to perform its work in accordance with the Subcontracts' schedule obligations, failed to remedy its delays, generally failed to perform its obligations under the Subcontracts, and walked off the Project Site without completing its scope of work.

12. Rise LLC is therefore in default of its obligations under the Subcontracts and in material breach thereof.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this judicial district, including: (a) the Project concerns the construction of The Morrison, which is situated in Parsippany-Troy Hills, New Jersey (the "Township"); and (b) the parties agreed that all disputes "shall be court in a competent State or Federal Court in New Jersey." (Ex. 2 ¶ 12.3.)

14. Upon information and belief, complete diversity exists between Plaintiff and Rise LLC's members. (See Rise LLC's Articles of Organization, attached hereto as **Exhibit 4** (no New Jersey citizens are referenced).)

## FACTS

### The Site Contract and Scope of Work

15. The Site Contract governs the obligations of Rise LLC for its Project-related work, (see Ex. 1 § 8 (The Work Of This Subcontract)), which are detailed with more specificity in Schedule A to the Site Contract (Scope of Work), (Ex. 1 at 68).

16. The Scope of Work includes, *inter alia*, general categories related to Soil Erosion and Sediment Control, Demolition and Tree Clearing, Bulk Earthwork, Sanitary and Sewer System, Storm Water System, Water Distribution System, Onsite Paving and Entrance Driveway,

4

Onsite Sidewalks and Misc. Concrete, Rain Gardens, Site Fencing, Site Lighting, Emergency Access Road, General Requirements, and Insurance Requirements. (Ex. 1 at 71-90.)

17. The Site Contract also makes clear that "[t]ime is of the essence with the work." (Ex. 1 at 69.)

18. Section 4.2.5 states: "[Rise LLC] agrees that [Plaintiff] and the Architect each have the authority to reject Work of [Rise LLC] that does not conform to the Prime Contract." (Ex. 1 § 4.2.5.)

19. Section 4.5.1 states: "[Rise LLC] shall keep the premises and surrounding area free from accumulation of waste materials or rubbish caused by operations performed under this Subcontract." (Ex. 1 § 4.5.1; see also Ex. 1 at 25 (Rider), Art. 4, Add Para. 4.5.3 ("[Rise LLC] agrees to periodically remove all trash and debris resulting from its work from the Project.").)

20. The Rider to the Site Contract, for Section 1.5, adds that "[Rise LLC] represents and agrees that it has carefully examined and understands this Agreement and the other Subcontract Documents, has investigated the nature, locality and site of the Work and the conditions and difficulties under which it is to be performed, and that it enters into this Agreement on the basis of its own examination, investigation and evaluation of all such matters…." (Ex. 1 at 19.)

21. The Rider to the Site Contract, for Section 3.2.1, adds that "[Rise LLC] shall cooperate with [Plaintiff] in scheduling and performing the Subcontractor's Work to avoid conflicts or interference in the Contractor's Work and the Work of other subcontractors and contractors." (Ex. 1 at 21.)

22. The Rider to the Site Contract, for Section 3.4.1, adds that "[Rise LLC] shall be liable to [Plaintiff] for liquidated damages for [Rise LLC's] failure to achieve Substantial Completion in a timely manner."  (Ex. 1 at 21.)

23. The Rider to the Site Contract, for Section 4.2.9, adds that "[Plaintiff] shall have the right to establish the Construction Schedule for the performance of Subcontractor's Work and [Rise LLC's] performance shall conform to such schedule…time being of the essence."  (Ex. 1 at 22.)

24. The Rider to the Site Contract, for Section 4.6.4, adds that "[Rise LLC] shall guarantee all of the Work under the Subcontract Documents to be free from defective materials and improper workmanship."  (Ex. 1 at 26 ("[Rise LLC] agrees to immediately replace or re-execute, without cost to [Plaintiff] or the Owner, such Work as may be found to be defective and/or deficient so as to compensate for all damage caused to other Work or Materials due to such required replacement or re-execution, including professional and legal fees and costs.").)

25. The Rider to the Site Contract, for Section 4.7.1, adds that "[Rise LLC] shall defend, shall indemnify, and shall hold harmless…[Plaintiff]…from and against liability, claimed liability, claims, damages, losses and expenses…and for any and all property damage or economic damage, including but not limited to all attorney fees, disbursements, legal proceedings, and related costs, arising out of or resulting from, before or after completion of the Work hereunder."  (Ex. 1 at 27.)

26. The Rider to the Site Contract, for Section 7, adds that "If [Rise LLC] fails to supply enough properly skilled workers or proper materials to meet the construction schedule prepared by [Plaintiff]…and fails within three (3) days after receipt of written notice to cure such default or neglect, [Plaintiff] may, immediately, and without prejudice to any other remedy that [Plaintiff]

may have, terminate the Subcontract and finish the Subcontractor's Work."  (Ex. 1 at 31 ("[Rise LLC] shall pay the difference to [Plaintiff]").)

27.     The Rider to the Site Contract, for Section 11, adds that "[Plaintiff] shall not be obligated to make any payment to [Rise LLC] hereunder if any one or more of the following conditions exists," which include but are not limited to where "[Rise LLC] is in default of any of its obligations…under any of the Contract Documents."  (Ex. 1 at 38.)

28.     The Rider to the Site Contract, for Section 13.1.1 adds that Rise LLC "is also responsible to verify the dimensions and elevations at the site by field measurement…."  (Ex. 1 at 27.)

29.     The Rider to the Site Contract, for Section 13.1.7 adds that "All work shall be performed in a good workmanlike manner and in accordance with industry norms."  (Ex. 1 at 46.)

### The Concrete Contract and Scope of Work

30.     The Concrete Contract governs the obligations of Rise LLC for its Project-related work "in connection with the Foundation and Super Structure Concrete and Water Proofing," which are detailed with more specificity in Exhibit A to the Concrete Contract (Scope of Work).  (Ex. 2 at 1, 13.)

31.     The Scope of Work includes, *inter alia*, general categories concerning Foundation and Slab On Grade Concrete, Foundation, Cellar Walls, Loading Slab Water Proofing, Superstructure Concrete, General Requirements, and Insurance Requirements.  (Ex. 2 at 13-26.)

32.     Paragraph 1.5 states that "[Rise LLC] shall keep the premises and surrounding area free from accumulation of waste materials or rubbish caused by operations performed under this Agreement."  (Ex. 2 ¶ 1.5.)

33. Paragraph 2.1 states that "[Rise LLC] represents to Accurate…to discharge its responsibilities to the Project in a professional and efficient manner, and that it is familiar with what is required in connection with projects of the type, location and character of this Project." (Ex. 2 ¶ 2.1.)

34. Paragraph 3.1 states that "[Rise LLC] shall defend, indemnify, and hold harmless…Accurate…from and against all claims, damages, losses, expenses, liability or claimed liability…for the Work or any breach of this Agreement, including but not limited to all attorney fees…." (Ex. 2 ¶ 3.1.)

35. Paragraph 5.4 states that "Time is of the essence of this Agreement." (Ex. 2 ¶ 5.4.)

36. Paragraph 7.1 states that "If [Rise LLC] fails or neglects to carry out the Work in accordance with the Subcontract Documents or otherwise to perform in accordance with this Agreement and fails within a five business days period after receipt of written notice to commence and continue correction of such default or neglect with diligence and promptness, Accurate may…without prejudice to any other remedy Accurate may have, terminate the Agreement and finish [Rise LLC's] Work by whatever method Accurate may deem expedient." (Ex. 2 ¶ 7.1.)

37. Additionally, the Scope of Work provides, *inter alia*, that Rise LLC must "ensure the correct elevation for bottom of excavation has been achieved within ± 0.5 inches of specified elevations to ensure correct FFL for 1st floor slab." (Ex. 2 at 16 (Scope of Work § 27).)

### Rise LLC's Breaches of the Subcontracts

38. Pursuant to the Concrete Contract Amendment, Rise LLC guaranteed completion of its scope of work by Monday, June 27, 2022. (Ex. 3 ¶ 2(i).)

39. Although both Subcontracts expressly provided that "time is of the essence," Rise LLC abandoned the Project and did not complete its scope of work in a workmanlike manner.

40. Pursuant to Paragraph 2(d) of the Concrete Contract Amendment, Rise LLC agreed to pay $477,636.58 in unpaid vendor costs pursuant to an agreed-upon payment schedule. Rise LLC had been habitually late in making those payments, including fraudulently claiming to be making those payments (when, in reality, Rise LLC was not), constituting multiple breaches of the Concrete Contract. Instead, Plaintiff was forced to overpay its share of Paragraph 2(d) costs to satisfy subcontractors and vendors. Rise LLC owes a substantial amount of its obligation.

41. Pursuant to Paragraph 1.5 of the Concrete Contract and Section 4.5 of the Site Contract, Rise LLC was to keep the premises and surrounding area free of waste materials and rubbish. Rather, the Project Site remained unclean and unsafe, prompting Township officials to deem the Project Site a hazard.

42. Pursuant to Paragraph 2.2 of the Concrete Contract and Section 4.6 of the Site Contract, Rise LLC warranted that all work would be free from any defects. On multiple occasions, however, Plaintiff had to point out numerous defective items and unworkmanlike labor that created hazardous conditions. Rise LLC even constructed aspects of the Project with measurements inconsistent with the drawings and surveys.

43. Pursuant to Paragraph 5.4 of the Concrete Contract, Rise LLC was to progress pursuant to the Project schedule, time being of the essence. Failure to abide by the Project schedule subjects Rise LLC to damages, including liquidated damages of $1,000.00 per day. (See Ex. 1 at 34-35 ("In the event that Substantial Completion for the entire Work at the Project is not achieved by the date indicated…[Rise LLC] shall be liable for and shall pay to [Plaintiff] liquidated damages in the amount of One Thousand Dollars ($1,000) per day.").)

44. Pursuant to the Rider to the Site Contract, for Section 4.2.11, Rise LLC warranted to Plaintiff "that [Rise LLC] and its supervisory staff are knowledgeable and experienced in the

type of Work required by the Subcontract Documents and all workers are qualified in the type of Work such workers will be undertaking." (Ex. 1 at 23.) Rise LLC did not provide knowledgeable and experienced supervisory staff.

45. Rise LLC's improper and unapproved use of a private fire hydrant resulted in the Township revoking Plaintiff's hydrant use permit and citing Plaintiff for "disregard for water public safety."

46. Rise LLC failed to properly ensure the correct elevations as specified on the site plan for grading. (See Site Contract at 27; see also Concrete Contract at 16.)

47. Rise LLC billed Plaintiff for work that was not performed. For example, Rise LLC billed Plaintiff 100% for grading site work, when the grading site work was only approximately 50% complete.

### Plaintiff's Notice to Rise LLC of Breaches and Opportunity to Cure

48. On July 1, 2022, Plaintiff, pursuant to the notice-and-cure provisions under Section 7 of the Rider to the Site Contract and under Paragraph 7 of the Concrete Contract, issued a "5 Day Notice to Cure – Breach/Termination of Concrete and Site Contracts." (See 5-Day Notice to Cure Letter, attached hereto as **Exhibit 5**.)

49. On or about Thursday, July 7, 2022, Rise LLC responded to Plaintiff that "the price is too low…The guys don't want to work."

50. Upon information and belief, on July 1, 2022, Rise LLC's management incorporated Rise Inc.—a new but substantially similar entity to Rise LLC, formed for the purpose of continuing the same line of work as Rise LLC, but with the added bonus of fraudulent shirking Rise LLC's obligations, debts, and liabilities. (See Certificate of Incorporation of Rise Inc., attached hereto as **Exhibit 6**.)

51. Finally, on July 12, 2022, Plaintiff issued a formal notice of "Termination of Concrete and Site Contracts – Failure to Cure Breaches of Contract." (See Termination Letter, attached hereto as **Exhibit 7**.)

## COUNT 1
### (Breach of Contract)

52. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs above, as if fully set forth herein.

53. Plaintiff has performed all or substantially all of its obligations pursuant to the Subcontracts.

54. Rise LLC, on account of its repudiation and failure to perform pursuant to the terms of the Subcontracts, has breached its contractual obligations to Plaintiff.

55. The Subcontracts, including their amendments and riders, constitute valid and enforceable contracts.

56. Rise LLC breached the Concrete Contract Amendment by failing to complete its scope of work by Monday, June 27, 2022.

57. Rise LLC breached the Concrete Contract Amendment by failing to pay its share of Paragraph 2(d) vendor costs, and Rise LLC owes Plaintiff for Plaintiff's overpayment in this regard to satisfy the subcontractors and vendors.

58. Rise LLC breached the Subcontracts by failing to maintain the Project Site free from hazards and rubbish, resulting in cleanup costs. (See Ex. 5 at Exhibit A.)

59. Rise LLC breached the Subcontracts by failing to properly ensure the correct elevations as specified on the site plan for grading.

60. Rise LLC breached the Subcontracts by failing to perform its scope of work in a workmanlike manner. (See Ex. 5 at Exhibits B & C.)

61. Rise LLC owes Plaintiff damages, including liquidated damages of $1,000.00 per day, due to Rise LLC's failure to adhere to the Project schedule. (See Ex. 5 at Exhibit D.)

62. Rise LLC breached the Site Contract Rider, Section 4.2.11, by failing provide knowledgeable and experienced supervisory staff.

63. Rise LLC breached the Subcontracts in its unprofessional and hazardous behavior that resulted in, for example, a Township citation for illegal use of a fire hydrant, which in turn caused irreparable harm and strained relations with the Township.

64. As a result of Rise LLC's material breaches of the Subcontracts, Plaintiff has been damaged as set forth above and is therefore entitled to relief from this Court.

65. Because, upon information and belief, the Rise Entities comprise the same ownership and management, of which Rise Inc. is a mere continuation of Rise LLC and formed to fraudulently dodge Rise LLC's outstanding legal debts and obligations, Rise Inc. is the alter ego of Rise LLC and is liable for the outstanding debts and obligations of Rise LLC.

## COUNT 2
### (Fraud)

66. Plaintiff hereby realleges and incorporates by reference the allegations of paragraphs above, as if fully set forth herein.

67. Rise LLC further breached the Subcontracts for fraudulently billing Plaintiff for work that Rise LLC claimed was substantially complete when, in fact, those submissions were clearly erroneous and intended to induce Plaintiff to overpay Rise LLC for work it had not performed.

68. Rise LLC also fraudulent conveyed to Plaintiff that it had been satisfying its financial obligations under Paragraph 2(d) of the Concrete Contract Amendment, when, in reality, Rise LLC knew it had not been making its contractually required payments.

69. Plaintiff has been damaged by virtue of Defendants' actions. Plaintiff's damages include contract damages, damages for hiring a replacement subcontractor, costs of delay, carrying costs (interest and taxes), default provisions with Lenders, loss of business opportunity, costs to remediate site plan deficiencies, and damages for irreparable harm to reputation.

70. As a result of Rise LLC's fraud, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(a) Enter judgment against Rise LLC and Rise Inc., jointly and severally, for all actual and consequential damages, including but not limited to contract damages, damages for hiring a replacement subcontractor, costs of delay, carrying costs (interest and taxes), default provisions with Lenders, loss of business opportunity, costs to remediate site plan deficiencies, damages for irreparable harm to reputation, and full indemnification (see Site Contract Rider §§ 4.7.1 & 4.7.2), and all attorneys' fees and statutory interest; and

(b) Any such further relief that this Court deems just and proper.

Dated:  August 4, 2022

By: */s/ Kevin W. Weber*
Kevin W. Weber, Esq.
Michael A. Conforti, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
kweber@gibbonslaw.com
mconforti@gibbonslaw.com

*Attorneys for Plaintiff*
*Accurate Builders Limited Liability Company*

## **CERTIFICATION PURSUANT TO**
## **LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that the matter in controversy is not the subject of any other pending matters.

I certify under penalty of perjury that the foregoing is true and correct

Dated: August 4, 2022
       Newark, New Jersey

By: */s/ Kevin W. Weber*
    Kevin W. Weber, Esq.
    **GIBBONS P.C.**
    One Gateway Center
    Newark, New Jersey 07102-5310
    (973) 596-4500
    kweber@gibbonslaw.com

    *Attorneys for Plaintiff*
    *Accurate Builders Limited Liability Company*

**STATEMENT PURSUANT TO
LOCAL CIVIL RULE 10.1(a)**

Pursuant to Local Civil Rule 10.1(a), below is a Service List that sets forth the names and addresses of each party, as well as known counsel of record, in the above-captioned action.

| **Plaintiff** | **Defendants** |
|---|---|
| Accurate Builders Limited Liability Company<br>32 Cross Street, Suite 301<br>Lakewood, New Jersey, 08701 | Rise Concrete, LLC<br>430 3rd Avenue<br>Brooklyn, New York 10215 |
| **Plaintiff's Counsel**<br>Kevin W. Weber, Esq.<br>Michael A. Conforti, Esq.<br>**GIBBONS P.C**.<br>One Gateway Center<br>Newark, New Jersey 07102-5310<br>Tel:  (973)  596-4500<br>Fax:  (973) 596-0545<br>kweber@gibbonslaw.com<br>mconforti@gibbonslaw.com | -and-<br><br>Rise Construction Inc.<br>93 Gansevoort Blvd.<br>Staten Island, New York 10314<br><br>**Defendants' Counsel**<br>Nicholas Ramcharitar, Esq.<br>**THE RAMCHARITAR LAW FIRM**<br>877 N. Corona Ave.<br>Valley Stream, New York 11580<br>(516) 532-8393<br>info@ramcharitarlawfirm.com |

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  August 4, 2022
       Newark, New Jersey

By: */s/ Kevin W. Weber*
    Kevin W. Weber, Esq.
    **GIBBONS P.C.**
    One Gateway Center
    Newark, New Jersey 07102-5310
    (973) 596-4500
    kweber@gibbonslaw.com

    *Attorneys for Plaintiff*
    *Accurate Builders Limited Liability*
    *Company*

**CERTIFICATION PURSUANT TO**
**LOCAL CIVIL RULE 201.1(d)(3)**

Pursuant to Local Civil Rule 201.1(d)(3), the undersigned hereby certifies that the relief sought herein consists of money damages in excess of $150,000.  This action, therefore, is not subject to mandatory arbitration.

I certify under penalty of perjury that the foregoing is true and correct.

Dated:  August 4, 2022  
       Newark, New Jersey

By: */s/ Kevin W. Weber*  
    Kevin W. Weber, Esq.  
    **GIBBONS P.C.**  
    One Gateway Center  
    Newark, New Jersey 07102-5310  
    (973) 596-4500  
    kweber@gibbonslaw.com

    *Attorneys for Plaintiff*  
    *Accurate Builders Limited Liability*  
    *Company*