**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ACCURATE BUILDERS LIMITED LIABILITY COMPANY,<br><br>*Plaintiff*,<br><br>v.<br><br>RISE CONCRETE LLC and RISE CONSTRUCTION INC.<br><br>*Defendants*. | Civil Action No. 22-04911<br><br>**OPINION** |

**John Michael Vazquez, U.S.D.J.**

Presently pending before the Court is the unopposed motion for default judgment filed by Plaintiff Accurate Builders Limited Liability Company ("Accurate"). Plaintiff seeks a default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendants Rise Concrete LLC ("Rise LLC") and Rise Construction Inc. ("Rise Inc."). D.E. 9. The Court reviewed Plaintiff's submissions in support of the motion[1] and considered the motion without oral argument pursuant to L. Civ. R. 78.1(b). For the reasons that follow, Plaintiff's motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL HISTORY

On April 26, 2021, Plaintiff, a contractor, entered into a subcontract (the "Site Contract") with Rise LLC to perform work for a construction project. Compl. ¶ 7. On August 17, 2021,

---

[1] The submissions consist of Plaintiff's brief in support of its motion for default judgment, D. E. 9-1; the Certification of Abraham Motechin ("Motechin Cert.") in support of Plaintiff's motion for default judgment, D. E. 9-2; and the Certification of Kevin W. Weber ("Weber Cert.") in support of Plaintiff's motion for default judgment, D. E. 9-3.

Plaintiff entered into an additional contract (the "Concrete Contract") with Rise LLC. *Id.* ¶ 8. Rise LLC purportedly committed multiple material breaches of the Site and Concrete Contracts. Plaintiff contends that despite giving Rise LLC opportunities to cure its breaches, Rise LLC did not do so. *Id.* ¶¶ 9. On May 9, 2022, Plaintiff entered into an amendment to the Concrete Contract (the "Amendment," and collectively with the Site Contract and the Concrete Contract, the "Subcontracts"), which provided a new timeline to complete the work by June 27, 2022. *Id.* ¶ 10. Rise LLC failed to perform under the Subcontracts and walked off the project site without completing its scope of work. *Id.* ¶ 11.

On August 4, 2022, Plaintiff filed its Complaint alleging breach of contract and fraud claims. D.E. 1 ("Compl."). Plaintiff asserts its claims against Rise LLC and Rise Inc., a recently formed entity and Rise LLC's purported alter ego. Compl. ¶ 2. The Complaint seeks actual and consequential damages, in addition to attorneys' fees, costs, and statutory interest from both Defendants. *Id.* at 13. On September 9, 2022, Plaintiff moved for entry of default as to both Defendants, which the Clerk of the Court granted. D.E. 7. On February 1, 2023, the Court issued a Letter Order directing Plaintiff's counsel to move this action by requesting that default judgment be entered within twenty (20) days. D.E. 8. Plaintiff subsequently filed the instant motion, seeking default judgment against both Defendants for the alleged breach of contract and as to Rise LLC for the alleged fraud. D.E. 9.

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 permits for the entry of default against a party that fails to plead or otherwise defend against claims. Fed. R. Civ. P. 55. "Once a party has defaulted, the consequence is that 'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.'" *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper,*

*Inc.*, No. 11-624, 2011 WL 4729023, at *2 (D.N.J. Oct. 5, 2011) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 n.6 (3d Cir.2005)). "The entry of a default judgment is largely a matter of judicial discretion, although the Third Circuit has emphasized that such 'discretion is not without limits, . . . and [has] repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable.'" *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (quoting *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984)).

Prior to entering a default judgment, the court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). The Court must also consider the following factors: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 522 (3d Cir. 2006) (citation omitted).

### III.   ANALYSIS

#### A.   Jurisdiction

Before entering a default judgment as to a party 'that has not filed responsive pleadings, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'" *HICA Educ. Loan Corp. v. Surikov*, No. 14-1045, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015) (quoting *Ramada Worldwide, Inc. v. Benton Harbor Hari Ohm, L.L.C.*, No. 08–3452, 2008 WL 2967067, at *9 (D.N.J. July 31, 2008)).

1. **Subject Matter Jurisdiction**

The Court has subject matter jurisdiction over this matter. Diversity jurisdiction exists when "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states." 28 U.S.C. 1332(a). A corporation is a citizen of every state in which it is incorporated and in the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). "[T]he citizenship of an LLC is determined by the citizenship of its members." *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citation omitted). Plaintiff is an LLC, the members of which are all residents of New Jersey. Compl. ¶ 14. Further, Plaintiff pleads that no members of Rise LLC are New Jersey Citizens. *Id.* ¶ 14; *see also id.*, Ex. 4. In addition, Rise Inc. is a New York corporation with a New York principal place of business. *Id.*, Ex. 6. Therefore, there is complete diversity between the parties. Finally, the amount in controversy is greater than $75,000, as Plaintiff is claiming $3,521,044.22 in damages. Motechin Cert. ¶ 23.

2. **Personal Jurisdiction**

Plaintiff represents that the Court has personal jurisdiction over Rise LLC through a forum-selection clause in the Concrete Contract. Compl. ¶ 13. In federal court, the validity of a contractual forum selection clause is determined by federal law. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). "The United States Supreme Court has held that a contractual consent to personal jurisdiction should be enforced unless it would be unreasonable or unjust to do so." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 373 (D.N.J. 2000) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985)). A forum selection clause will be invalidated only when the opposing party establishes "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation

in a jurisdiction so seriously inconvenient as to be unreasonable." *Coastal Steel Corp. v. Tilghman Wheelabrator Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983). Rise LLC has not responded and therefore has not offered any ground to invalidate the forum selection clause. Consequently, the Court has personal jurisdiction over Rise LLC through the forum selection clause.

Plaintiff contends that default judgment should be entered as to Rise Inc. because it is the alter ego or a mere continuation of Rise LLC. Plf. Br. at 4. Courts may exercise personal jurisdiction over an entity under a successor liability theory. *See Ortho-Clinical Diagnostics, Inc. v. Physicians Stat Lab, Inc.*, No. 21-2530, 2021 WL 4284581, at *2 (D.N.J. Sept. 21, 2021); *Thomas-Fish v. Aetna Steel Prods. Corp.*, No. 2019 WL 2354555, at *2 (D.N.J. June 4, 2019). To do so, "a plaintiff must plead facts supporting a plausible conclusion that the alleged successor entity is a mere continuation of, is the same as, or is not distinct from, the alleged predecessor entity." *Pastor Enters. v. GKN Driveline N. Am., Inc.*, No. 19-21872, 2020 WL 5366286, at *3 (D.N.J. Sept. 8, 2020) (internal quotations omitted). Courts consider, amongst other things, whether there is a continuity of management, ownership, personnel, location, and assets. *Ortho-Clinical Diagnostics, Inc.*, 2021 WL 4284581, at *2. Here, Plaintiff alleges that Rise LLC and Rise Inc. "comprise the same ownership and management," and that Rise Inc. "is a mere continuation of Rise LLC and [was] formed to fraudulently dodge Rise LLC's outstanding legal debts and obligations." Compl. ¶ 65. Moreover, Rise Inc. was purportedly incorporated the day that Plaintiff demanded Rise LLC cures it multiple material breaches. Motechin Cert. ¶ 18. In addition, "Barry Caldwell owns and operates both Rise LLC and Rise Inc." *Id.* ¶ 19. Finally, Plaintiff served Rise LLC and Rise Inc. at the same address, with the same individual accepting service for both entities. D.E. 5, 6. These allegations are sufficient for the Court to determine that

5

Rise Inc. is a mere continuation of Rise LLC.  Accordingly, the Court will impute Rise LLC's personal jurisdiction to Rise Inc.

### B. Sufficiency of Service

"Before the Court can enter default judgment, it must find that process was properly served on the Defendant[s]." *Teamsters Pension Fund*, 2011 WL 4729023, at *2 (citing *Gold Kist, Inc. v. Laurinburg Oil Co.*, Inc., 756 F.2d 14, 19 (3d Cir. 1985)).  "[T]he party asserting validity of service bears the burden of proof on that issue." *Grand Entm't Grp. v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir. 1993).  In this instance, Plaintiff indicates that it personally served an agent of Rise LLC and Rise Inc. at their places of business on August 16, 2022.  D.E. 5, 6.  A corporation "may be properly served 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Knights Franchise Sys., Inc. v. Forward Hotels & Dev., LLC*, No. 17-2789, 2019 WL 2636070, at *4 (D.N.J. June 27, 2019) (quoting Fed. R. Civ. P. 4(h)(1)(B)).  Plaintiff, therefore, properly served both Defendants.

### C. Sufficiency of Plaintiff's Causes of Action

Next, the Court must determine whether the Complaint sufficiently states a cause of action. In doing so, the Court must accept all well-pleaded factual allegations in the Complaint as true, except as to damages.  *Chanel, Inc.*, 558 F. Supp. 2d at 535-36.  Again, in its Complaint, Plaintiff asserts breach of contract and fraud claims.

To plead a breach of contract claim under New Jersey law, a plaintiff must allege that (1) "the parties entered into a contract containing certain terms"; (2) "plaintiffs did what the contract required them to do"; (3) "defendants did not do what the contract required them to do"; and (4) "defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs."

*Goldfarb v. Solimine*, 245 A.3d 570, 577 (N.J. 2021) (internal quotations omitted).[2] Accurate alleges that it entered into the Subcontracts with Rise LLC, Compl. ¶¶ 7-8, 10, and performed under the agreements, *id.* ¶ 53. Accurate further alleges that Rise LLC breached the Subcontracts because, *inter alia*, it failed to complete the scope of work, pay its share of vendor costs, keep the site clean, and perform in a workmanlike manner. *Id.* at ¶¶ 56-60, 62-63. Plaintiff continues that it was damaged by Rise LLC's breach. *Id.* at ¶ 64. Thus, Plaintiff sufficiently alleges that Rise LLC breached the agreements.

Accurate asserts its breach of contract claim against Rise Inc. based on the mere continuation theory of successor liability. *Id.* ¶ 65. As discussed, Plaintiff sufficiently alleges that Rise Inc. is a mere continuation of Rise LLC. Consequently, Plaintiff sufficiently alleges a breach of contract claim against Rise Inc., as a successor of Rise LLC.

Next, Plaintiff seeks default judgment, only as to Rise LLC, for its common law fraud claim. Compl. ¶¶ 66-70. To plead a common law fraud claim, Plaintiff must plead the following: "(1) [defendant] knowingly mak[es] a material misrepresentation; (2) an intention that the other person rely on the misrepresentation; (3) reasonable reliance by the other person; and (4) resulting damages." *United States ex rel. Doe v. Heart Sol., PC*, 923 F.3d 308, 318 (3d Cir. 2019) (citing *Banco Popular N. Am. v. Gandi*, 876 A.2d 253, 260 (N.J. 2005)). Plaintiff alleges that Rise LLC

---

[2] In its motion for default judgment brief, Plaintiff relies on New Jersey law. Seeing no clear reason to deviate from Plaintiff's assumption, the Court applies New Jersey law. *See Cole v. NIBCO, Inc.*, No. 13-7871, 2015 WL 2414740, at *5 (D.N.J. May 20, 2015) (explaining that because "Defendant suggests, and Plaintiffs do not dispute" which state law applies, "the Court will follow the lead of the parties and will not engage in a choice of law analysis"); *Manley Toys, Ltd. v. Toys R Us, Inc.*, No. 12-3072, 2013 WL 244737, at *2 (D.N.J. Jan. 22, 2013) ("Because the parties have argued the viability of the remaining claims as though New Jersey substantive law applies, the Court will assume that to be the case.") (citing *USA Mach. Corp. v. CSC, Ltd.*, 184 F.3d 257, 263 (3d Cir. 1999)).

billed Plaintiff for work that it did not complete and made misrepresentations about payment to Rise LLC's vendors. Compl. ¶ 40, 47, 67-68. Plaintiff alleges that Rise made these misrepresentations to induce Plaintiff to overpay Rise LLC, that Plaintiff relied on these misrepresentations and was damaged. *Id.* ¶ 69. Through these allegations, Plaintiff sufficiently pleads a fraud claim as to Rise LLC.

### D. Damages

Plaintiff contends it is entitled to actual and consequential damages, attorneys' fees, costs, and statutory interest totaling $3,521,044.22. Motechin Cert. ¶¶ 20-23. While the factual allegations of the complaint "will be taken as true" when deciding a motion for default judgment, the amount of damages must still be proven. Further, under New Jersey law, contract damages must be proven "to a reasonable degree of certainty." *Garcia-Martinez v. V. Puzino Dairy*, Inc., No. 11-6829, 2014 WL 956123, at *1 (D.N.J. Mar. 12, 2014).

Plaintiff seeks $3,487,651.94 in actual and consequential damages. This includes contract damages, costs of delay, remediation costs and payments to vendors for Rise LLC's fraudulent misrepresentations. Plf. Br. at 3; Motechin Cert. ¶¶ 20, 23. Plaintiff provides appropriate documentation to support these damages. *See* Motechin Cert. ¶ 10, Exs. 1-3.

Plaintiff also seeks $1,739.78 in costs and $31,652.50 attorneys' fees. Motechin Cert. ¶¶ 21-22. With respect to Plaintiff's request for attorneys' fees, although New Jersey law generally disfavors fee-shifting, "a prevailing party can recover [attorneys'] fees if they are expressly provided for by statute, court rule, or contract." *Packard-Bamberger & Co., Inc. v. Collier*, 771 A.2d 1194, 1202 (N.J. 2001). Here, the Site and Concrete Contracts both provide that Rise LLC shall be liable for attorneys' fees related to a breach of and work performed under the agreements. Compl. ¶¶ 25, 34. Accordingly, Plaintiff is entitled to recover its attorneys' fees in this matter.

To determine whether a fee request is reasonable, courts can use the lodestar, which is the "number of hours reasonably expended by the successful party's counsel in the litigation, multiplied by a reasonable hourly rate." *Litton Indus., Inc. v. IMO Indus., Inc.*, 982 A.2d 420, 428 (N.J. 2009). In conducting a lodestar analysis, a court considers the degree "of [the prevailing party's] success in determining the reasonableness of the time expended," as well the "the reasonableness of the hourly rate of 'the prevailing attorney in comparison to rates for similar services by lawyers of reasonably comparable skill, experience, and reputation in the community.'" *Id.* at 429 (quoting *Furst v. Einstein Moomjy, Inc.,* 860 A.2d 435, 447 (N.J. 2004) (internal quotations and citation omitted)). The party seeking the fee award has the ultimate burden to establish that its requested fees are reasonable. *See Green v. Morgan Props.*, 73 A.3d 478, 492 (N.J. 2013) ("[W]e have made plain that the party seeking to be awarded attorneys' fees ordinarily bears the burden of proving that they are reasonable, and that contractual fee shifting provisions are strictly construed."); *see also Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990) ("The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable."). Plaintiff's present request is properly supported with a certification that outlines the services and hours rendered by its attorneys in this matter, in addition to their rates.[3] *See* Weber Cert. ¶ 2, Ex. 1. The Court concludes that the expended hours and hourly rates are reasonable, and properly supported.

As discussed, Plaintiff also seeks to be reimbursed for its costs pursuant to Federal Rule of Civil Procedure 54 and 28 U.S.C. § 1920, which includes filing and process server fees, a business records search, and postage. *Id.* at ¶ 17. Plaintiff's costs are permissible, reasonable, and properly

---

[3] Plaintiff seeks leave to supplement its request for attorneys' fees for work performed after the instant motion, Motechin Cert. ¶ 22, and the Court grants this request.

supported. *Id.*, Ex. 1. Thus, the Court will award Plaintiff with its requested amount of fees and costs. Finally, the Court grants Plaintiff's request for pre- and post-judgment interest pursuant to N.J. Ct. R. 4:42-11(a)(ii) and 28 U.S.C. § 1961.

In sum, Plaintiff sufficiently establishes that it is entitled to recover $3,521,044.22 in damages, including its attorneys' fees, costs, and interest.

### E. Default Judgment Factors

Before entering default judgment, district courts must make explicit factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Moroccanoil, Inc.*, 2015 WL 6673839, at *1. Here, all three factors weigh in favor of entering default judgment. Plaintiff would not be able to recover damages resulting from Rise LLC's breach of the Contracts, therefore would be unfairly prejudiced if no default judgment is entered. *Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *4 (D.N.J. Mar. 14, 2006). Next, because neither Defendant responded to the Complaint, Defendants have "put forth no evidence or facts containing any information that could provide the basis for a meritorious defense." *Knights Franchise Sys., Inc. v. Sairam, Inc.*, No. 17-00932, 2017 WL 4074023, at *5 (D.N.J. Sept. 14, 2017) (quoting *HICA Educ. Loan Corp.*, 2015 WL 273656, at *3). Additionally, there is nothing on the face of the Complaint indicating that a meritorious defense is available. Finally, Defendants' failure to answer, without providing any reasonable explanation, demonstrates Defendants' culpability in their default. *Teamsters Health & Welfare Fund of Philadelphia & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *4 (D.N.J. July 24, 2012). As a result, the Court finds that default judgment is warranted.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff's motion for default judgment (D.E. 9) is **GRANTED**. An appropriate Order accompanies this Opinion.

Dated: March 27, 2023

_____<br>
John Michael Vazquez, U.S.D.J.